IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MOHAMMAD SHEKIB ESAHAQZADA,   )
                                      )
              Petitioner,     )
                                        )
     v.                             )     Case No. 25-3250-JWL
                                        )
C. CARTER, Warden, FCI-Leavenworth;   )
SYDNEY MILUM, Deportation Officer, ICE;   )
TODD LYONS, Director, ICE;   )
KRISTI NOEM, Homeland Security Secretary; )
and PAMELA BONDI, Attorney General,   )
                                        )
              Respondents.     )
                                        )
_____)

## **MEMORANDUM AND ORDER**

Acting *pro se*, petitioner filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his continued detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

On September 10, 2024, petitioner, a native of Afghanistan, attempted to enter the United States without authorization and was placed into custody by immigration officials, who initiated expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1). Officials determined that petitioner did not have a credible fear of persecution if removed, and on November 5, 2024, an immigration judge affirmed that determination and entered a final order of removal. Petitioner is presently detained within this judicial district. On July 25, 2025, petitioner filed a habeas petition challenging his detention, which the Court denied by Memorandum and Order of September 5, 2025. *See Esahaqzada v. United States*

*Immigration and Customs Enforcement*, 2025 WL 2933890 (D. Kan. Sept. 5, 2025) (Lungstrum, J.). Petitioner filed the instant petition on November 14, 2025. Respondents filed an answer to the petition, petitioner filed a traverse, and the matter is now ripe for ruling.

By his habeas petition, petitioner challenges his continued detention and the lack of a custody review, and he seeks immediate release. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Petitioner is not entitled to relief for the same reasons cited by the Court in denying his prior petition – which reasons petitioner failed to address in his petition. In its prior ruling, the Court held that because petitioner was detained upon entry into the United States without authorization, he is treated as an applicant for admission who has no rights beyond those granted by statute, with the result that petitioner's due process claim must fail. *See id.* at *1 (citing *Department of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138-40 (2020)). The Court further held that because petitioner was placed into expedited removal proceedings pursuant to 8 U.S.C. § 1225(b), which provides for mandatory detention until removal, and petitioner had not shown that his continued detention violated any statute. *See Esahaqzada*, 2025 WL 2933890, at *2 (citing 8 U.S.C. § 1225(b)(1)(B)). Finally, the Court noted that the Supreme Court's *Zadvydas* framework, on which petitioner had relied,

does not apply to detention pursuant to Section 1225(b).  *See id.* (citing *Jennings v. Rodriguez*, 583 U.S. 281, 298-99 (2018)).

Those same rulings still apply to defeat the present petition.  In his traverse, petitioner attempts to distinguish *Thuraissigiam* as a case that did not involve custody reviews.  The Supreme Court made clear in that case, however, that an alien detained upon entry has no rights beyond those granted by statute.  *See Thuraissigiam*, 591 U.S. at 140. Thus, petitioner cannot assert a due process claim here.  Petitioner also argues in his traverse that his detention became authorized only by 8 U.S.C. § 1231 once a final order of removal was issued, which would make the *Zadvydas* framework applicable.  The cases on which petitioner relies did not involve aliens detained under Section 1225(b), however, and thus are not apposite.  *See Clark v. Martinez*, 543 U.S. 371 (2005); *Guerrero-Sanchez v. Warden, York County Prison*, 905 F.3d 208 (3d Cir. 2018); *Hernandez v. Decker*, 2018 WL 3579108 (S.D.N.Y. July 25, 2018).  Section 1225(b)(1), pursuant to which petitioner was detained, expressly provides that the alien shall be detained pending determination of a credible fear of persecution; and if no such fear is found, the alien shall be detained "until removed."  *See* 8 U.S.C. § 1225(b)(1)(B)(iii)(IV).  Thus, petitioner has not shown that his continued detention without a custody review violates any applicable federal statute, and the Court therefore denies the petition.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 14th day of January, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge